# ORIGINAL

FILED

**JAN 2 9 2013**

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

(BID PROTEST)

COASTAL ENVIRONMENTAL
   GROUP, INC.
250 Executive Drive
Suite K
Edgewood, NY 11717

                 Plaintiff,

    v.

THE UNITED STATES OF AMERICA

                 Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**13 - 71 C**

Case No. _____

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Coastal Environmental Group, Inc. ("Coastal") moves this Court pursuant to Rule 65 of

the Federal Rules of Civil Procedure and Rule 65 of the Rules of the United States Court of

Federal Claims for a preliminary injunction requiring defendant, the United States of America,

acting by and through the United States Environmental Protection Agency ("EPA") to

immediately suspend its 2012 Omaha Lead Site (OU-2) Soil Remediation Contract (the

"Contract"), which was awarded under Solicitation No. SOL-R7-12-00016, pending the outcome

of this proceeding.  The Contract was awarded on September 26, 2012 for a base period of one

year, with three, one-year options.  This action challenges the award of the Contract as violative

of statute and regulation, and specifically the Competition in Contracting Act ("CICA"), 41 U.S.C. §§ 3701 (a) and 3702(b), the Federal Acquisition Regulation ("FAR") 14.301 (a), and the SBA regulations at 13 C.F.R. § 125.5 (c) (3). Because the award violated the law, it was arbitrary, capricious and hence unlawful under 5 U.S.C. § 706 (2) and should be overturned by this Court.

The grounds for this motion, which are more fully set forth in the accompanying memorandum of points and authorities, are as follows: (1) Coastal has a strong likelihood of success on the merits, in that it can demonstrate that EPA violated CICA in awarding the Contract to a nonresponsive bidder, that SBA violated its own regulations in the course of the procurement, and that Coastal, the second low bidder, had a high likelihood of receiving award of the Contract but for those violations of statute and regulation; (2) Coastal will be irreparably harmed if the contract is not suspended during the pendency of this action; (3) interim injunctive relief will not harm the defendant or the awardee; and (4) interim injunctive relief will promote the public interest rather than harm it.

Coastal requests an expedited hearing on this motion.

In accordance with RCFC Appendix C, Paragraph 11, Coastal represents that the name and address of the awardee is known because this was revealed in a recent GAO protest proceeding filed by Coastal. A protective order was issued in that protest, and a copy is attached hereto as Exhibit 1. While Appendix C, Paragraph 11 requires service of the Complaint, this motion and supporting memoranda on the awardee, Coastal cannot comply with this direction. Complying with the service requirement in Appendix C, Paragraph 11 and serving the referenced documents, or even redacted versions not yet approved by this Court or government counsel for public distribution, would violate the GAO protective order attached hereto.

2

Awardee is being provided written notice of this action by service of Plaintiff's Pre-Filing Notification, filed herewith.

Dated: January 29, 2013                    Respectfully submitted,


Brian W. Craver
PERSON & CRAVER LLP
1025 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
Ph:     (202) 466-4434
Fax:    (202) 466-4416
Email:  bwcraver@personandcraver.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2013, I caused the foregoing Plaintiff's Motion For Preliminary Injunction, with the accompanying memorandum in support and proposed Order, to be hand-delivered to the Department of Justice, Commercial Litigation Branch, 1100 L Street, NW, 8th Floor, Washington, DC 20530.


_____

Brian W. Craver

# EXHIBIT 1

### UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE
### OFFICE OF THE GENERAL COUNSEL
### PROCUREMENT LAW DIVISION
### Washington, D.C. 20548

**Matter of:**   Coastal Environmental Group, Inc.

**File:**   B-407563

**Agency:**   Environmental Protection Agency

### PROTECTIVE ORDER

This protective order limits disclosure of certain material and information submitted in the above-captioned protest, so that no party obtaining access to protected material under this order will gain a competitive advantage as a result of the disclosure.

1. This protective order applies to all material that is identified by any party as protected, unless the Government Accountability Office (GAO) specifically provides otherwise. Protected material includes information whether on paper or in any electronic format. This protective order applies to all proceedings associated with the protest, e.g., supplemental/amended protests, requests for reconsideration, and claims for costs.

2. Protected material of any kind may be provided only to GAO and to individuals authorized by this protective order. The first page of each document containing protected material is to be clearly marked as follows:

### PROTECTED MATERIAL
### TO BE DISCLOSED ONLY IN ACCORDANCE WITH
### GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER

The party claiming protection must clearly identify the specific portion of the material for which it is claiming protection. Wherever such protection is claimed for a protest pleading, the party filing the pleading shall submit a proposed redacted version for public release when the protected version is filed.

3. Only individuals who are admitted under this protective order by GAO, and support staff (paralegal, clerical, and administrative personnel) who are employed or supervised by individuals admitted under this order, and who are not involved in competitive decision making for a party to the protest or for any firm that might gain a competitive advantage from access to the protected material disclosed under this

order, shall have access to information covered by this order. Individuals admitted under this protective order shall advise such support staff, prior to providing them access to protected material, of their obligations under this order.

4. Each party included under this protective order shall receive up to 3 copies of the protected material (the original constitutes one copy), and shall not further duplicate that material, except as incidental to its incorporation into a submission to GAO or as otherwise agreed to by the parties with GAO's concurrence. For purpose of this provision, a "party" refers to the entity of record. Therefore, multiple attorneys or law firms representing a single party must determine among them how to allocate the maximum of 3 copies among the individuals admitted to the protective order. Each duplication of electronic media (e.g., CD Rom), whether in electronic or hard copy form, constitutes a single copy. E-mail transmissions to multiple recipients should be counted as generating one copy for the sender and one for each recipient.

5. When any party sends or receives documents in connection with this protest that are not designated as protected, including proposed redacted versions of protected documents, the party shall refrain from releasing the documents to anyone not admitted under this protective order, including clients, until the end of the second working day following receipt of the documents by all parties. This practice permits parties to identify documents that should have been marked protected before the documents are disclosed to individuals not admitted under this protective order.

6. Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Protected material may be sent using electronic mail unless objected to by any party in this protest. The confidentiality of protected material shall be maintained in perpetuity.

7. Within 60 days after the disposition of the protest(s) (or if a request for reconsideration or a claim for costs is filed, 60 days after the disposition of those matters), all protected material furnished to individuals admitted under this protective order, including all electronically transmitted material and copies of such material, with the exception of a single copy of a protected decision or letter issued by our Office, shall be: (1) returned to the party that produced them; or (2) with the prior written agreement of the party that produced the protected material, destroyed and certified as destroyed to the party that produced them; or (3) with the prior written agreement of the party that produced the protected material, retained under the terms of this order for such period as may be agreed. Within the same 60-day

period, protected pleadings (including copies in archival files and computer backup files) and written and electronic transcripts of protest conferences and hearings shall be destroyed, and the destruction certified to GAO and the other parties, unless the parties agree otherwise. In the absence of such agreement and for good cause shown, the period for retention of the protected material under this paragraph may be extended by order of GAO. Any individual retaining material received under this protective order (except for the single copy of a protected decision or letter issued by our Office) beyond the 60-day period without the authorization of GAO or the prior written agreement of the party that produced the material is in violation of this order. The terms of this protective order (except those terms regarding the return or destruction of protected material) shall apply indefinitely to the single copy of the protected decision or letter issued by our Office that is retained by a party admitted under this order.

8. Material to which parties gain access under this protective order is to be used only for the subject protest proceedings, absent express prior authorization from the GAO. Protected material obtained under this protective order may be used, however, in a bid protest filed with the United States Court of Federal Claims, without GAO's prior authorization, provided that the information is filed under seal with the Court, that the Court is informed of GAO's protective order, and that the Court is requested to issue its own protective order to cover the protected material. In addition, GAO must be notified when suit is filed with the Court. Use of material protected under the GAO protective order will be governed by the protective order issued by the Court.

9. Any violation of the terms of this protective order may result in the imposition of such sanctions as GAO deems appropriate, including but not limited to dismissal of the protest, referral of the violation to appropriate bar associations or other disciplinary bodies, and restricting the practice of counsel before GAO. A party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.

_____
Kenneth Kilgour
Deputy Assistant General Counsel

10-17-12
_____
October 17, 2012

Revised April 2008